```
                                 UNITED STATES DISTRICT COURT
                                 SOUTHERN DISTRICT OF FLORIDA

                                 CASE NO. 10-60260-Civ-MORENO
                                 MAGISTRATE JUDGE P.A. WHITE

CLIFTON E. BOSTIC,              :

      Petitioner,               :

v.                              :        REPORT OF
                                         MAGISTRATE JUDGE
WALTER A. McNEIL,               :

      Respondent.               :
_____
```

Clifton E. Bostic, a state prisoner confined at Liberty Correctional Institution, at Bristol, Florida, has filed a second pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 attacking his convictions and sentences entered in Case No. 04-09821 in the Seventeenth Judicial Circuit Court of Florida, at Broward County. This Cause is before the Court on the petition (DE# 1), the petitioner's motion to stay (DE# 5), and the respondent's response to the motion and petition with supporting exhibits. (DE# 12, 13).

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of the petition, the Court has the petitioner's response to an order regarding the limitations period, and the respondent's response to an order to show cause with multiple exhibits.

The procedural history of this case is as follows. Bostic was convicted after jury trial of the offenses of aggravated battery

and felony battery. (DE# 13; Ex. B, C). He was sentenced as an habitual felony offender to a thirty-year term of imprisonment as to the aggravated battery conviction and a concurrent ten-year term as to the felony battery conviction. (DE# 13; Ex. C). Bostic prosecuted a direct appeal from his convictions and sentences. (DE# 13; Ex. D). While the direct appeal was pending, Bostic filed in the trial court a motion to correct sentencing error pursuant to Fla.R.Crim.P. 3.800(b). (DE# 13; Ex. G). The motion was denied by the trial court. Id. The Florida Fourth District Court of Appeal affirmed Bostic's convictions and sentences in a *per curiam* decision without written opinion issued on March 21, 2007. (DE# 13; Ex. E). See also Bostic v. State, 951 So.2d 850 (Fla. 4 DCA 2007)(table).

Bostic returned to the trial court, filing on May 11, 2007, a pro se motion for reduction, modification or correction of sentence pursuant to Fla.R.Crim.P. 3.800(c), and the motion was summarily denied by the trial court in a written order entered on June 1, 2007. (DE# 13; Ex. H). Bostic did not take an appeal from the trial court's ruling. He next filed in the trial court on March 10, 2008, a pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850, challenging his convictions and sentences on multiple grounds of ineffective assistance of trial counsel. (DE# 13; Ex. I). Before the state had filed a response to the motion, Bostic filed on June 30, 2008, a motion to amend and supplement his Rule 3.850 motion. (DE# 13; Ex. K). The state on September 18, 2008, filed its response as ordered by the court. (DE# 13; Ex. J). In its response, the state solely addressed on the merits the claims raised in the initial Rule 3.850 motion and did not address whatever the new claims raised in the motion to amend. Id. By order entered on September 23, 2008, the trial court summarily denied the initial motion for the reasons stated in the state's response. (DE#

13; Ex. L). Bostic's subsequent motion for rehearing was denied on October 21, 2008. Id. The trial court's ruling on the initial Rule 3.850 motion was *per curiam* affirmed by the appellate court in a decision without written opinion. (DE# 13; Ex. M). See also Bostic v. State, 2 So.3d 271 (Fla. 4 DCA 2009)(table). Bostic's motion for rehearing was denied on March 11, 2009, and the mandate issued on March 27, 2009. (DE# 13; Ex. M, N).

While the appeal from the denial of his Rule 3.850 motion was pending, on or about January 22, 2009, Bostic also filed in the state appellate court a pro se petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. (DE# 13; Ex. O). The petition was denied on March 6, 2009. (DE# 13; Ex. P). Bostic's petition for writ of certiorari was denied by the United States Supreme Court on June 29, 2009.[1] Bostic v. Florida, ___ U.S. ___, 129 S.Ct. 2868, 174 L.Ed.2d 583 (2009).

Bostic again returned to the trial court, filing on July 21, 2009, a pro se pleading entitled, "Addendum to Amend Motion for Post Conviction Relief," asserting that his earlier filed motion to amend his Rule 3.850 motion had never been disposed of by the trial court and he sought review on the merits of all newly raised claims. (DE# 13; Ex. Q). In the addendum, Bostic included additional claims of ineffective assistance of trial counsel. Id. By order entered on July 31, 2009, the trial court granted the motion to amend and supplement and ordered the state to file a

---

[1]While his petition for writ of certiorari was pending before the United States Supreme Court, Bostic filed in this Court on May 28, 2009, his first pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the subject convictions and sentences. The petition was dismissed for lack of exhaustion of state court remedies. See Bostic v. McNeil, 09-60827-Civ-Altonaga (S.D.Fla. September 30, 2009)(dismissed without prejudice, except in regard to any application of the federal statute of limitations or other federal procedural bar that may apply). Bostic did not take an appeal from this Court's ruling.

response to the addendum. (DE# 13; Ex. R). The state filed its response on or about September 9, 2009, raising procedural defenses and addressing, in the alternative, the merits of the grounds raised in the supplemental motion for post-conviction relief and amendment to that supplemental motion. (DE# 13; Ex. S). The trial court again denied Bostic postconviction relief in a written order entered on September 14, 2009, and his motion for rehearing was denied on October 7, 2009. (DE# 13; Ex. T, U). More than three months later, on January 25, 2010, Bostic sought belated appellate review of the trial court's most-recent order denying his motion for postconviction relief and order denying his motion for rehearing. (DE# 13; Ex. U). The Florida Fourth District Court of Appeal granted Bostic's petition for belated appellate review by order entered on March 25, 2010. Id.

After he filed his petition for belated appeal in the Florida Fourth District Court of Appeal, but before the state appellate court granted his petition, Bostic returned to this Court, filing on February 17, 2010,[2] his second pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. The respondent again argues in his response to the order to show cause filed in this federal habeas corpus proceeding that this petition should be dismissed as premature, because Bostic's convictions and sentences are currently being challenged in an appeal from the trial court's most-recent denial of postconviction relief.

As indicated in the report entered in Bostic's initial habeas corpus case, issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby

---

[2]The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n. 4 (11 Cir. 2008). See DE# 1 at 30.

4

exhausted. See Anderson v. Harless, 459 U.S. 4 (1982). An applicant's federal writ of habeas corpus shall not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b),(c).[3] A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001). In Florida, a claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850. McClain v. State, 629 So.2d 320 (Fla. 1 DCA 1993); Loren v. State, 601 So.2d 271 (Fla. 1 DCA 1992).

---

[3]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of    the State; or
>     (B)(i) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>         .  .  .  .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

From review of the record, it is clear that Bostic is still in the process of exhausting his challenges to his convictions. The respondent, therefore, correctly maintains that dismissal is once again warranted under the circumstances of this case. See Jimenez v. Fla.Dep't Corr., 481 F.3d 1337, 1342 (11 Cir. 2007), citing, Rose v. Lundy, 455 U.S. 509, 522 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, Bostic cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5 Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5 Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may Bostic challenge his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. §2254.

Since the instant proceeding has been timely filed and the petitioner has sufficient time to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted on any and all claims he might want to raise challenging his convictions and sentences, albeit a limited period of time, a dismissal rather than a stay of the instant proceeding is the appropriate course of action.[4] See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims when an outright dismissal of the petition will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act). While this federal petition when filed was timely, in order for any future

---

[4] It is noted that when Bostic submitted his motion for stay in this Court, on February 26, 2010, the state appellate court had not yet granted his petition for belated appeal and he sought a stay on that basis, believing that the pending petition did not toll the federal one-year limitations period. See DE# 5. His request for a stay of this federal proceeding is, therefore, essentially moot as well as not warranted for the reasons stated herein.

federal petition not to be time-barred, Bostic is once again advised that he must comply with the one-year statute of limitation requirement. See 28 U.S.C. §2244(d)(1)-(2).[5] Thus, the petitioner is hereby cautioned to be aware of the time limitation for any subsequent habeas corpus petition filed in this Court and that he must return to this Court immediately after all state court remedies have been exhausted (i.e., on or before 22 days after his

---

[5]Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after a petitioner's conviction becomes final. The judgment of conviction in the underlying criminal case became final at the latest on June 19, 2007, ninety days after the convictions and sentences were affirmed on direct appeal. See Jimenez v. Quarterman, ___ U.S. ___, ___, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009)(explaining the rules for calculating the one-year period under §2244(d)(1)(A)). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

now-pending belated appellate proceedings conclude).[6] 28 U.S.C. §2244(d).

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. It is further recommended that Bostic's motion to stay (DE# 5) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 15th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6]Specifically, Bostic filed his Rule 3.850 motion on March 10, 2008, **264-days** after his convictions and sentences became final for limitations purposes. That proceeding remained pending until November 6, 2009, when the time to appeal the adverse trial court rulings on his supplemental Rule 3.850 motion expired. As noted in the report entered in the initial §2254 proceedings, due to the concession of the trial court that it failed to timely dispose of Bostic's motion to amend and failed to rule on the claims raised therein, the subsequent postconviction proceedings should be treated as a continuation of the originally filed Rule 3.850 motion. Bostic would, therefore, be entitled to statutory tolling pursuant to 28 U.S.C. §2244(d)(2) and/or equitable tolling of the one-year limitations period from March 10, 2008, until thirty days after the trial court entered its order denying Bostic's motion for rehearing from the denial of the supplemental motion (i.e., November 6, 2009). Bostic next filed a petition for belated appeal in the appellate court on January 25, 2010, **79-days** later. Accordingly, there are **343-days** of untolled time, leaving Bostic with **22-days** after the current belated appeal proceedings conclude before the federal one-year limitations period expires. In other words, Bostic must file a second §2254 petition on or before **22-days** after the conclusion of appellate proceeding in the state court for his petition to be deemed timely. This Court notes that Bostic is not entitled to tolling time credit for the time that his Rule 3.800(c) proceedings were pending in the trial court. See Alexander v. Sec'y Dep't of Corr.,523 F.3d 1291, 1297 (11 Cir. 2008)(holding that a Rule 3.800(c) motion does not toll the time under the AEDPA because it is only a means to seek a reduction of a legal sentence and is not an attack on the constitutionality or legal correctness of a sentence or judgment and, therefore, a Rule 3.800(c) motion does not qualify as an "application for State post-conviction or other collateral review.").

cc: Clifton E. Bostic, Pro Se
    DC# 183513
    Liberty Correctional Institution
    11064 NW Dempsey Barron Road
    Bristol, FL 32321-9711

    Melynda L. Melear, AAG
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428